UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HAYZAK MARGARYAN PETITIONER

V. CIVIL ACTION No. 5:26-CV-314-DCB-BWR

RAFAEL VERGARA, Warden, Adams County Correctional Center RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 8] of the United States Magistrate Judge entered herein on September 22, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended that Hayzak Margaryan ("Petitioner")'s Petition [ECF No. 1] be dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated under 8 U.S.C. § 1225(b)(1) and does not violate the Fifth Amendment's Due Process Clause. Petitioner, represented by counsel, failed to file objections to the Report by his deadline of October 6, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law"

standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1] and the related filings. The Court further observes, as stated above, Petitioner failed to file objections to the Report. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

First, Judge Rath determined, after a thorough review of applicable law, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because his removal proceedings are ongoing.[1] The Court agrees. See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded.").

Second, Judge Rath determined that § 1225(b)(1) does not invoke any statutory right to a bond hearing. The Court agrees. See Id. (stating "[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

Third, Judge Rath determined that Petitioner has no entitlement to procedural rights outside of those established by statute because he was apprehended at his initial entry. The Court agrees. It is well established that an alien who is detained at

[1] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en (last visited October 14, 2026).

his initial entry, like Petitioner, is strictly limited to statutorily created rights that may not extend to those provided under the Due Process Clause. See Dep't of Homeland Security v. Thuraissigiam, 591 U.S. 103, 107 (2020)(holding that an alien apprehended at the threshold of initial entry is not afforded greater rights under the Due Process Clause); see also Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953) (stating "Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.")(internal citations and quotation omitted).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 8] be, and the same hereby is, adopted as the finding of this Court. Consequently, Hayzak Margaryan's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 14 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE